UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

CARLA RENEE MCGHEE,　　　　　　　　　　　　CASE NO. 04-15905-WSS

　　Debtor.　　　　　　　　　　　　　　　　　Chapter 7

## ORDER DENYING DEBTOR'S MOTION FOR TURNOVER

　　Herman D. Padgett, Counsel for the Debtor
　　Maria Lynda N. Lyles, Counsel for Poarch Band of Creek Indians

　　This matter came before the Court on the Debtor's motion to turnover funds garnished by the Poarch Band of Creek Indians ("Tribe"). The garnishment arises from a pre-petition judgment of $4,300.00 issued in tribal court for a default on a loan made to the Debtor under the Tribe's governmental general welfare housing program. The Debtor did not list the debt in her original chapter 13 schedules and the Tribe did not file a proof of claim for the debt. The Debtor is employed by the Tribe and approximately $600.00 of her wages were garnished to satisfy the judgment. The Debtor converted her chapter 13 case to a chapter 7 case on October 17, 2008, and added the Tribe as an unsecured nonpriority creditor in schedule F. No evidence was submitted to explain why the Debtor did not originally list the debt in her schedules. The Debtor then filed a motion for turnover of the garnished funds under 11 U.S.C. §542, claiming the funds as exempt property. The Tribe responded to the motion, claiming that the application of §542 would conflict with established federal Indian law and that the Tribe has sovereign immunity from suit and has not waived that immunity.

　　The issue before the Court is whether the Tribe's sovereign immunity is abrogated under 11 U.S.C. §106(a)(1), which provides "sovereign immunity is abrogated as to a governmental

1

unit to the extent set forth in this section with respect to the following: (1) . . . [section] 542 . . .".

Section 101(27) defines a "governmental unit" as "United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States . . . , a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or <u>other foreign or domestic government</u>." (Emphasis added.) Indian tribes are not specifically listed in §101(27). The Debtor maintains that tribes should be included in the phrase "other foreign or domestic government",[1] and the Court was initially inclined to agree that this is a logical assumption under the usual rules of statutory interpretation; however, the case law regarding limitations on the sovereign immunity of Indian tribes indicates that the intent must clear and direct, and is not to be implied or inferred. "Abrogation by Congress of sovereign immunity cannot be implied but must be unequivocally expressed." *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 59, 98 S.Ct. 1670 (1978). The Eleventh Circuit held in *Florida v. Seminole Tribe*, 181 F.3d 1237, 1242 (11th Cir. 1999), "Congress may abrogate a sovereign's immunity only by using statutory language that makes its intention unmistakably clear, . . . ."

Some courts have determined that the statutory language "other foreign or domestic governments" of §101(27) includes Indian tribes. The Ninth Circuit Court of Appeals found the language to be a "'catch-all' phrase" that included Indian tribes based in part on the Supreme Court's recognition that "Indian tribes are 'domestic dependant nations' that exercise inherent

---

[1] The Debtor also argued that the Supreme Court's decision in *Central Community College v. Katz*, 546 U.S. 356, 126 S.Ct. 990 (2006) could be interpreted to abrogate the sovereign immunity of Indian tribes. However, the *Katz* decision applied to state sovereign immunity, and the Court's analysis relied on the historical context of the states' willingness to waive their sovereign immunity under the Bankruptcy Clause in exchange for uniform bankruptcy law. The analysis is not applicable to Indian tribes; therefore, the *Katz* decision is inapposite to this fact situation.

2

sovereign authority over their members and territories." *Krystal Energy Co. v. Navajo Nation (In re Krystal Energy)*, 357 F.3d 1055, 1057-58 (9th Cir. 2004), citing *Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indians*, 498 U.S. 505, 509, 111 S.Ct. 905 (1978). See also *In re Russell*, 293 B.R. 34, 44 (D. Ariz. 2003) and *In re Vianese*, 195 B.R. 572, 575 (Bankr. N.D. N.Y. 1995). In contrast, the Tenth Circuit opined that the phrase "probably" did not include Indian tribes. "Our conclusion comports with the general proposition that Congress must make its intent to abrogate an Indian nation's immunity clear and unequivocal, and actions against tribes cannot be merely implied." *Mayes v. Cherokee Nation (In re Mayes)*, 294 B.R. 145, 148-49, n.10 (10th Cir. BAP 2003). See also *In re National Cattle Congress*, 247 B.R. 259, 265-67 (Bankr. N.D. Iowa 2000).

The Eleventh Circuit has addressed sovereign immunity for Indian tribes in *Florida Paraplegic Association v. Miccosukee Tribe of Florida*, 166 F.3d 1126, 1131 (11th Cir. 1999). An Indian tribe is not subject to suit unless it waives its immunity or Congress expressly abrogates it. *Florida Paraplegic*, 166 F.3d at 1131 (citing *Kiowa Tribe v. Manufacturing Techs., Inc.*, 523 U.S. 751, 118 S.Ct. 1700, 1702-03 (1998)). Further, Congressional abrogation of a tribe's sovereign immunity "cannot be implied but must be unequivocally expressed." *Florida Paraplegic*, 166 F.3d at 1130 (quoting *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 98 S.Ct 1670, 1677 (1978)). The Eleventh Circuit noted that the Supreme Court has not elaborated on the "unequivocally expressed" standard, but "[i]n the broader context of sovereign immunity, the Court has held that Congress may abrogate a sovereign's immunity 'only by making its intention unmistakably clear in the language of the statute'; legislative history and 'inferences from general statutory language' are insufficient." *Florida Paraplegic*, 166 F.3d at 1131 (citing *Atascadero*

3

*State Hosp. V. Scanlon*, 473 U.S. 234, 242, 105 S.Ct. 3142, 3147 (1985)). In *Florida Paraplegic*, the Court applied the "unequivocally expressed" standard to Title III of the Americans with Disabilities Act, finding that the absence of any reference to Indian tribes in the Act indicated that Congress did not intend to abrogate tribal sovereign immunity for private suits under this section of the Act. *Florida Paraplegic*, 166 F.3d at 1132-1134. See also *Freemanville Water Sys., Inc. v. Poarch Band of Creek Indians*, 2008 WL 80644 (S.D. Ala. Jan. 7, 2008) (finding the Tribe not subject to suit under the Consolidated Farm and Rural Development Act, 7 U.S.C. §1926(b) because the term "public body" was ambiguous and Court could not infer that the term included Indian tribes).

This Court is bound by the "unequivocally expressed" standard of *Florida Paraplegic*. Since Indian tribes are not mentioned under §106(a)(1) or listed among the "governmental units" in §101(27), this Court will not expand the abrogation of §106(a)(1) beyond what it believes Congress intended. As a result, the Court finds that the Tribe is immune from suit under 11 U.S.C. §542 for turnover of property of the estate, and the Debtor's motion should be denied. Because the Court has decided the case on sovereign immunity grounds, it will not address the Tribe's argument that §542 conflicts with federal Indian law. It is therefore

**ORDERED** that the Debtor's motion to turnover funds is **DENIED**.

Dated: December 19, 2008

WILLIAM S. SHULMAN
CHIEF U.S. BANKRUPTCY JUDGE

4